# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WILFREDO VERGARA-PALACIOS,

      Petitioner,

v.                                              Case No.  8:08-cv-2424-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on the Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Dkt. #1), this Court's Order to Show Cause why the petition is not time barred (Dkt. #2), and the Petitioner's Response thereto (Dkt. #3).  For the reasons set forth in the Order to Show Cause, the Court concludes that Petitioner's Motion to Vacate is time barred and should be dismissed.

In his Response to the Order to Show Cause, Petitioner argues that a court may at any time correct an illegal sentence such as his and cites as authority Alexander v. Secretary Department of Corrections, 523 F. 3d 1291 (11th Cir. 2008).  Alexander dealt with Rule 3.800 of the Rules of Criminal Procedure for the State of Florida.  That rule apparently allows a Florida state prisoner to file a motion with the state court at any time requesting that a legal sentence be modified in the discretion of the court.  In Alexander, the Eleventh Circuit said such a motion did not toll the one year period within which a state prisoner must file a federal

habeas petition under 18 U.S.C. §2254.  The State of Florida rules do not apply to Petitioner here since he is a federal prisoner having been convicted in a federal court.

Additionally, Petitioner seeks relief under 18 U.S.C. §3742 which is the provision for a direct appeal of this Court's sentence.  Such an appeal must be filed within ten (10) days of the entry of the judgment.  Rule 4(b)(1), Federal Rules of Criminal Procedure.  As this Court pointed out in its Order to Show Cause, Petitioner filed a direct appeal of his sentence and it was dismissed by the Eleventh Circuit on October 7, 2005.  His one year period within which to file a petition under 18 U.S.C. §2255 ended at the latest on January 5, 2007.  This petition was not filed until November 29, 2008, and it is therefore time barred.  Petitioner has not shown any facts that would support a tolling of the limitation period, cause for the delay, or grounds for equitable tolling.  It is therefore time barred.  Sandvick v. United States, 177 F. 3d 1269 (11th Cir. 1999).

It is therefore **ORDERED AND ADJUDGED** as follows:

1.      Petitioner's motion (Dkt. #1) is hereby DISMISSED.

2.      The Clerk is directed to close this case.

3.      The Clerk is directed to terminate the pending motion to vacate (CR Dkt. #297) in the underlying criminal case #8:04-CR-475-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on January 7, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2008\08-cv-2424.dismissal.wpd